UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE  5:11-CR-00353-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S** |
| | ) | **PROPOSED** |
| | ) | **VOIR DIRE** |
| | ) | |
| TREVOR REED, | ) | |

NOW COMES, the Defendant, Trevor Reed by and through his undersigned counsel, pursuant to Local Rule 6.02 and 49.00(a)(1), respectfully requests that the attached enumerated questions be proposed by the Court to the prospective jury panel. These questions will assist counsel in making a reasonable and meaningful selection with respect to the prospective jurors.

Respectfully submitted this the 6th day of August, 2012.

    The Trabucco Law Firm, P.A.

    By:/s/Slade C. Trabucco
    Slade C. Trabucco
    N.C. State Bar No.: 31843
    2840 Rue Sans Famille
    Raleigh, N.C. 27607
    Telephone: (919) 600-1307
    Facsimile: (919) 256-5277
    Sct03@fastmail.us
    L.R. 57.1 Appointed

## CERTIFICATE OF SERVICE

      I hereby certify that I this day have served a copy of this pleading upon the other parties to this action by CM/ECF Electronic Filing addressed to counsel for said parties, this 6th day of August 2012.

                              The Trabucco Law Firm, P.A.

                              By:/s/Slade C. Trabucco
                              Slade C. Trabucco
                              N.C. State Bar No.: 31843
                              2840 Rue Sans Famille
                              Raleigh, N.C. 27607
                              Telephone: (919) 600-1307
                              Facsimile: (919) 256-5277
                              Sct03@fastmail.us
                              L.R. 57.1 Appointed

TO:    Mr. Evan Rikhye
          Assistant United States Attorney
          Eastern District of North Carolina
          310 New Bern Avenue
          Federal Building, Suite 800
          Raleigh, NC 27601

A. **Acquaintance with Trial Participants**

1) Do you know any of the attorneys in this case?

2) Do you know the United States Attorney for this District or any of his assistants?

3) Do you know anyone employed by or connected with the staff of the United States Attorney's Office for this jurisdiction?

4) Do you know any of the Defendants or any witnesses in this case? If the answer to any of the foregoing is yes, please ask the jury:

   (a) How and under what circumstances have you known him/her?

   (b) How well do you know him/her?

   (c) How long have you known him/her?

5) Do any members of the jury panel know one another? If so, in what capacity? If you are both selected to be on the jury, would you be able to reach your own conclusion about the guilt or innocence of the Defendant without being influenced by the opinion of your acquaintance?

B. **Juror's Residence**

1) In what area of the District do you live?

2) How long have you lived in this area?

3) Where did you come from originally?

4) Are you married?

5) What is the name of your spouse?

6) What is your spouse's occupation?

7) Do you have any children?

If a juror has children, please ask the jury:

(a) Number of children and ages.

(b) Occupation and marital status of children.

**C. Juror's Occupation and Prior Military Service**

1) What is your occupation?

2) What is the occupation of the person or persons with whom you live?

3) What is the name of your employer?

4) What is your employer's business?

5) What is the name of the employer of any person or persons with whom you live?

6) What is that person's employer's business?

7) If you or your spouse are self-employed, what is the name and nature of the business?

8) If retired, occupation and position prior to retirement?

9) What is the occupation of your immediate family or persons living with you?

10) Were you in the service?

11) What branch of the service?

12) What rank did you have?

13) Were you ever on or have you ever participated in any court martial?

**D. Juror's Education**

1) Please state the extent of your formal education and where it was obtained.

2) Do you have any training or expertise in:

a) Accounting,

b) banking,

c) business,

d). criminal law,

e) foreign banking,

f) international business,

g) law enforcement, or

h) real estate

If so, can you provide the Court with a brief description of that experience.

**E.   Jurors' Employment by or Association with Federal or State Government, Law Enforcement Officials and/or Agencies; Relationship and Attitude towards Attorneys and Local Police**

1)   Are you employed by the Federal or State Government?

2)   Have you ever been employed by the Federal or State Government?

3)   If yes to above, would you be influenced in your verdict or embarrassed in any way because of that employment?

4)   Are any of your relatives or friends employed by the Federal or State Government?

5)   As a result of such employment by your relatives or friends, and in view of the nature of the subject matter of this case, would you be influenced in your verdict or be embarrassed in any way if you sat as a juror in this case?

6)   Are you related to or a close friend or neighbor of any employee of the Department of Justice, United States Postal Service, the Securities and Exhange Commission (SEC), United States Department of Agriculture, I.R.S., F.B.I., D.E.A., Customs Service, Coast Guard, State Bureau of Investigation, or any other municipal,

state of Federal law enforcement agency?

    If the answer to the foregoing is yes, please ask the jury:

    a)    With whom?

    b)    What is his or her position?

    c)    How long have you known him or her?

    d)    How well do you know him or her?

7)    Do you have any feelings, beliefs or attitudes regarding attorneys and especially criminal defense attorneys, which would prohibit you from being fair and impartial in this case?

8)    Do you believe law officers by their training and experience are generally better able to report accurately what they observe, than ordinary citizens?

9)    Will you give the testimony of any law enforcement officer more credence than the testimony of any ordinary witness, because you think law enforcement officers are better able in general to report accurately what they observe than ordinary citizens?

10)    Are you related to a lawyer? If so, what type, location, etc.

**F.    Presumption of Innocence**

1)    Under our law, a Defendant is presumed to be innocent and that presumption of innocence alone is sufficient to acquit anyone charged with a crime. Do any of you, as prospective jurors, feel that the nature of the charge has any bearing on the existence of the presumption of innocence

    a)    If answered "yes", are there occasions when you believe the presumption of innocence can be waived?

    b)    Do you have any objection to the proposition that the United States

must overcome the presumption of innocence?

    2)    In our system, the way a case is brought to trial is for the Government to become a party to the case. This is only a formality and is merely procedure. Does that fact that the Government, the United States, make you in any way biased in favor of the Government, or the prosecution?

        a)    Do you understand that simply because the United States is a party of this case, as it is in every federal criminal case, cannot be interpreted as an implication of guilt? Trevor Reed stands here today in the eyes of the law as an innocent Defendant. He is presumed innocent and remains so unless and until the Government can prove each and every element of each and every crime against him beyond a reasonable doubt. Do any of you have any hesitancy whatsoever in accepting that as the law?

    3)    Do you understand that despite Trevor Reed's arrest and Indictment in this case, he sits here today presumed to be innocent by the law?

    4)    Do each of your personally presume the Defendant innocent at this point?

**G.    General, Reasonable Doubt, Burden of Proof and Right to Remain Silent**

    1)    Is there anyone on this panel who believes that, merely because a criminal charge has been brought against the Defendant, you would consider the fact that the charge was filed to mean the Defendant is guilty and as such would find him guilty, irrespective of whether the Government fails to establish the allegations contained in the Indictment beyond a reasonable doubt?

    2)    You realize, of course, that you will have to return a verdict of "Guilty" or "Not Guilty" in this case. Under the law, a Defendant must be found "Not Guilty" unless the evidence proves his guilt beyond a reasonable doubt. It is not sufficient for a

conviction if the evidence shows the Defendant to be probably guilty. If you heard the evidence and concluded that the Defendant may be or probably was guilty but you were not convinced beyond a reasonable doubt, would you be able to return a verdict of "Not Guilty"?

     3)     The law of this land provides that a Defendant does not have to testify, or even to offer any evidence at all, in any criminal case. Our law further provides that if the Defendant on trial does not testify, you may not consider that for any purpose in deciding his guilt or innocence. Is there a member of this jury panel who, because of personal feelings or otherwise, would not be able to follow that?

     4)     Do you understand that the Government has the burden of proof in this as in every other criminal case and that the Defendant has no burden of coming forward with any evidence in order to establish his innocence, but rather the Government has the burden of proving beyond a reasonable doubt the truth of the allegations in this Indictment before the Defendant may be found guilty.

     5)     If you concluded the Government had not proved the case against the Defendant beyond a reasonable doubt, would you adhere to your decision, even if the evidence established someone else, not charged, must or may be guilty of the charge?

     6)     If, during the deliberations, you find you are of one view and all the rest of the jurors of an opposite view, and if, after full and free discussion, you were convinced by reason and logic that you are correct, will you have the strength of your convictions to adhere to your decision, notwithstanding the fact that all of the other jurors disagree with you?

     7)     Do you believe that because the Federal Government brings a criminal charge

against the Defendant that the Defendant is probably guilty of the charge?

8) Do you now believe that you can give the Defendant a fair and impartial trial?

9) Is there any reason, whether it has been touched upon or not, that you feel you cannot sit as a juror in the trial of this case?

10) Do you understand that federal agents and police officers can make mistakes just like the rest of us and when any witness takes the stand, regardless of what he does for a living, his testimony is to be judged by you objectively? Will you be able to accept this instruction as the law?

11) Does anyone feel it would be unacceptable to vote "Not Guilty" or think "Not Guilty" after a trial?

12) Are there any among you who feel that you would be unable to accept the law as given to you by the Court, without reservation, even if you disagree with it wholly or partially?

13) Does the fact that Trevor Reed has been indicted by a Grand Jury in this case lead you to conclude that he must have done something wrong or otherwise he would not be on trial?

**H. Jurors' Prior Involvement with the Criminal Justice System**

1) Have you or any members of your family or close friends ever been a victim of, or a witness to, a crime?

2) Have you or any members of your family or close friends ever testified in a criminal case?

3) If the answer to the foregoing is yes, when, where, did said matter go to trial

and did that experience leave you with the impression that people charged with a crime should be convicted.

    4)    Have you or any members of your family or close friends ever been convicted of any offense involving the possession, sale, distribution or use of alcohol, marijuana or cocaine, or a controlled substance?

**I.    Jurors' Prior Jury Experience**

    1)    Have you ever served on a trial jury before? If so, when, where, and the type of case involved? If the foregoing was answered in the affirmative:

        (a)    Was that jury able to reach a verdict?

        (b)    Did your prior jury experience place any burden on your capacity to sit as a juror on a future case?

        (c)    Do you remember your verdict? (Do not disclose the verdict).

    2)    Have you ever sat on a Grand Jury? If so, where and when?

    3)    Have you ever been called to serve on a jury before, but were unable to serve?

    4)    Have you ever been excused from jury service because you found it difficult to be impartial?

    5)    Has your experience on any jury made you cynical or dubious about criminal Defendants or criminal trials?

    6)    Have you heard about (by radio, television or otherwise) or have any knowledge about the charges against the Defendant or about the Defendant.

    7)    If the answer to Number 6 is affirmative, have you:
innocence?

        a)     Formed or expressed an opinion of the Defendant's guilt or

        b)     What did you hear about the Defendant?

        c)     Will what you heard affect your determination of this case?

**J.    Questions Regarding Jurors' Attitude**

    2.     Is there anyone on the jury, either themselves, or a family member or close friend, who has suffered a bad experience as a result with a financial institution, investment firm, brokerage house, or financial planner, to such an extent that he or she feels it may affect his or her ability to be a fair and impartial juror in this case?

    3.     The Defendant, Trevor Reed, is charged with wire fraud and deception in relation to the sale of unregistered securities. Is there anything about the nature of these charges that would prevent you, because of your personal feelings, from considering the case fairly and impartially?